UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IRENE KSEPKA,**<br><br>Plaintiff,<br><br>v.<br><br>U.S. Postal Service, et al.,<br><br>Defendants. | Civil Action No. 24-301 (CCC) (MAH)<br><br>OPINION<br>AND<br>REPORT AND RECOMMENDATION |

This matter having come before the Court upon the parties' joint status report, D.E. 18, apprising the Court as to the status of settlement discussions and Defendant United States Postal Service's ("USPS") request to sever the matter and for Plaintiff's claim against Defendant Rita Morriale ("Morriale") to be "remanded" to state court.[1] The Court entered an Order to Show Cause on October 30, 2024, D.E. 19, which no party objected to. The Court has considered the parties' submissions and decides the motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons set forth herein, the Court will sever Plaintiff's claims against each Defendant.

I.   BACKGROUND

On January 18, 2024, Plaintiff filed a Complaint asserting claims against both USPS and Morriale. Compl., D.E. 1. Plaintiff alleges that she sustained injuries from "two separate motor vehicle accidents . . . ." *Id.* at 1. Specifically, Plaintiff contends that on June 4, 2021, a

---

[1] The Court notes that a matter originated in federal court and has never been in the Superior Court of New Jersey cannot be remanded to the Superior Court of New Jersey. Instead, the matter can only be dismissed for lack of federal jurisdiction. *See Kirby v. Kwilecki*, No. 20-01670, 2021 WL 1171666, at *8 (D.N.J. Mar. 26, 2021); *see also* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3739 (Rev. 4th ed.) ("[F]ederal courts cannot remand an action that was originally filed in federal court.").

USPS employee negligently operated a USPS vehicle and caused a car accident with Plaintiff in Belleville, New Jersey (the "USPS Accident"). *Id.* Count One, ¶¶ 1-7. Plaintiff further contends that on January 23, 2022, Morriale got into a car accident with Plaintiff in Sayreville, New Jersey (the "Morriale Accident"). *Id.* Count Two, ¶¶ 1-4. According to Plaintiff, the Morriale Accident caused Plaintiff to sustain new and separate injuries from the injuries she sustained in the USPS Accident. *Id.* Additionally, she sustained aggravation of pre-existing injuries. *Id.* Thus, under the New Jersey Entire Controversy Doctrine, Plaintiff brought the claims together. *Id.* at 1.

After the August 28, 2024 status conference, this Court ordered Plaintiff to convey a global settlement demand to Defendants by September 17, 2024. Order, Aug. 28, 2024, D.E. 17. Further, the parties were to collectively inform the Court about the progress made in settlement negotiations or whether this matter required motion practice concerning the joinder of USPS and Morriale. *Id.* On October 11, 2024, the parties filed a joint status report. Joint Status Report, D.E. 18. In the report, USPS proposed severing the matter and remanding Plaintiff's claim against Morriale to state court. *Id.* Morriale expressed that she would join in a motion to remand, and Plaintiff stated that she would oppose severing the two claims and the remand of the Morriale claim to state court. *Id.*

On October 30, 2024, the Court entered an Order to Show Cause, which ordered "that to any extent any party contends that the Court should not sever the matter and dismiss or remand for lack of federal jurisdiction Plaintiff's claims against Rita Morriale, that party must show cause, in writing, which must be received by the Court on or before November 15, 2024." Order to Show Cause, D.E. 19 at 2. The Court further ordered that "[f]ailure to respond to this

2

Order will be deemed consent to entry of an Order Severing this matter and remanding or dismissing Plaintiff's claims against Rita Morriale for lack of federal jurisdiction." *Id.* No party objected to the Order to Show Cause. On December 10, 2024, USPS filed a request that this Court enter an order severing Plaintiff's claims against USPS and Morriale and remand or dismiss Morriale's claims for lack of federal jurisdiction. Def.'s Letter, D.E. 20.

## II.   DISCUSSION

### A.  Legal Standard

Rules 18 through 21 of the Federal Rules of Civil Procedure address the joinder of multiple claims and parties into a single action. These Rules grant district courts considerable direction and flexibility in managing and structuring civil litigation. The issue before the Court is whether Plaintiff may properly litigate this matter against the two defendants for two separate car accidents in one action. The Court concludes that Plaintiff cannot prosecute this action against both Defendants and will sever Plaintiff's claims against each Defendant.

A party may join multiple defendants into an action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(1). Rule 20 further provides that parties in a multi-litigant action need not be perfectly aligned with respect to the claims at issue; rather, "[t]he court may grant judgment to one or more plaintiffs according to their rights, and against one or more defendants according to their liabilities." Fed. R. Civ. P. 20(a)(3). Rule 20 also delineates case management tools to accommodate multiple litigants. "The court may issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against

whom the party asserts no claim and who asserts no claim against the party." Fed. R. Civ. P. 20(b).

Rule 21 is "most commonly invoked to sever parties improperly joined under Rule 20." *Lopez v. City of Irvington*, No. 05-5323, 2008 WL 565776, at *3 (D.N.J. Feb. 28, 2008) (internal quotation marks omitted). "Misjoinder . . . occurs when there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction." *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 (3d Cir. 2006). Rule 21 prescribes that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. An order severing claims has the effect of "transform[ing] the claims into an entirely independent action with an independent case number and an independent judgment." *Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc.*, 49 F. Supp. 2d 709, 721 (D.N.J. 1999). "[W]hen a court 'severs' a claim against a defendant under Rule 21, the suit simply continues against the severed defendant in another guise."[2] *DirecTV, Inc.*, 467 F.3d at 845.

In evaluating whether to sever a party pursuant to Federal Rule of Civil Procedure 21, courts have construed Rule 20(a) as establishing a two-part test, both parts are required for joinder to be permitted. *See Emmanouil v. Roggio*, No. 06-1068, 2007 WL 1174876, at *4 (D.N.J. Apr. 19, 2007). "First, claims brought against defendants to be joined must stem from the same transaction or occurrence, and second, they must share a common question of law or

---

[2] Unlike refiling a claim against a party who has been dropped, the severing of a plaintiff's claim does not implicate statute-of-limitations issues. "The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period." *DirecTV, Inc.*, 467 F.3d at 845.

fact." *Id.*

### B. Analysis

As discussed, no party filed an objection to the Order to Show Cause. In consideration of the record and case law, and in the interests of judicial economy, the Court concludes that it is necessary to sever Plaintiff's claims against USPS and Morriale.

The key inquiry is whether Plaintiff's claims against USPS and Morriale arise out of the same transaction or occurrence, or series of transactions or occurrences. "'Series' of transactions or occurrences, for purposes of the rule governing misjoinder, means some connection or logical relationship between various transactions or occurrences." *Garcia v. Brock Weinstein*, No. 13-7487, 2014 WL 2957487, at *2 (E.D.Pa. July 1, 2014) (quoting *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 79 (E.D.Tex. 1993)). The Court concludes that the two accidents do not arise out of the same transaction or occurrence or series of transactions or occurrences.

Plaintiff contends that on June 4, 2021, a USPS employee negligently operated a USPS vehicle and caused a car accident with Plaintiff in Belleville, New Jersey. Compl., D.E. 1, Count One, ¶¶ 1-7. Plaintiff further contends that on January 23, 2022, Morriale got into a car accident with Plaintiff in Sayreville, New Jersey. *Id.* Count Two, ¶¶ 1-4. According to Plaintiff, the Morriale Accident caused Plaintiff to sustain new and separate injuries from the injuries she sustained in the accident with USPS. *Id.* Plaintiff contends that the injuries she sustained in the first accident were exacerbated and aggravated by the second accident. *Id.* However, notably missing are any allegations that connect the two accidents. Indeed, there are no allegations that two defendants acted in concert or the alleged misconduct in the USPS Accident have a legal effect on the alleged misconduct in the Morriale Accident. Without any

5

connection between the two accidents, Plaintiff fails the two-part test to permit joinder of her claims against Defendants.

Moreover, courts have concluded that separate car accidents that occur at different times and are caused by different defendants are not appropriate for joinder, even if a plaintiff contends that his or her injuries were aggravated by the second accident. *See Garcia*, 2014 WL 2957487, at *3 (E.D.Pa. July 1, 2014). Indeed, in *Garcia*, the Court concluded that because the accidents were not connected, "[n]o common question of fact affects the liability of all" of the defendants. *Id.* Thus, "separate evidence must be presented with respect to each accident. The liability of the [d]efendants involved in each accident should be considered separately." *Id.* Further, much like here, there was "no allegation that the defendants acted in concert, and the alleged misconduct in the first accident will have no legal effect on the alleged misconduct in the second accident." *Id.* at *4.

On a practical note, severance of these claims will aid in the administration of this matter. Each of Plaintiff's claims will require individualized causation analyses and damage assessments. Further, the parties' efforts to resolve this case has been unsuccessful because of the difficulty in apportioning each Defendant's alleged liability. While it is true that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties[,]" and that "joinder of claims, parties and remedies is strongly encouraged," *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (internal quotation marks omitted), the Court has discretion under Rule 21 to sever Plaintiff's claims against each Defendant and control its docket. *See also In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) ("[M]atters of docket control and conduct of discovery are committed to the sound discretion of the district

court."). In sum, the claims in this matter are not amenable to resolution in a single action. *See Hannah v. Johnson & Johnson Inc.*, No. 18-10319, 2020 WL 3497010, at *6 (D.N.J. June 29, 2020) (determining that in the interest of judicial economy of time and effort for the Court, counsel, and litigants, severing a matter would aid in the just administration of a matter).

Thus, Plaintiff's claim against USPS will remain in this action. However, Plaintiff's claim against Morriale will be severed from this action and proceed separately. *See DirecTV, Inc. v. Leto*, 467 F.3d at 845.

### III. REPORT AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS PLAINTIFF'S CLAIM AGAINST RITA MORRIALE FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff's claim against Morriale has been severed from the USPS Action because the claims were improperly joined. The Court no longer retains supplemental jurisdiction over Plaintiff's claims against Morriale. Indeed, as stated above and expanded upon below, the Court never actually had supplemental jurisdiction over Plaintiff's claims against Morriale because those claims were improperly joined. Further, the parties' failure to object to October 30, 2024 Order to Show Cause is "deemed consent to entry of an Order Severing this matter and remanding or dismissing Plaintiff's claims against Rita Morriale for lack of federal jurisdiction." Order to Show Cause, D.E. 19 at 2. Therefore, the Undersigned is respectfully recommending that the District Court dismiss Plaintiff's claim against Morriale for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and have original jurisdiction over all cases arising under federal law or where the parties are completely diverse and the amount in controversy exceeds $75,000. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418, 420

7

(3d Cir. 2010). Diversity jurisdiction under 28 U.S.C. Section 1332(a) arises in civil actions between "citizens of different States" where the amount in controversy exceeds $75,000.[3] A plaintiff asserting federal subject matter jurisdiction via diversity of citizenship in a case involving multiple defendants "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990) (requiring complete diversity of the parties); *Gay v. Unipack, Inc.*, No. 10-6221, 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011) (quoting *Am. Motorists Ins. Co. v. Am. Emps.' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979)). Said differently, complete diversity requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 419 (first citing *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 553 (2005); and then citing *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148 (3d Cir. 2009)).

Section 1367(a) provides in pertinent part that when a district court has federal question jurisdiction over any claims in an action before it, the court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In order for a court to exercise supplemental jurisdiction over state law claims, "[t]he state and federal claims must derive from a common nucleus of operative facts" and "the plaintiff's claims [must be] such that he would ordinarily be expected to try them all in one judicial

---

[3] Plaintiff fails to allege an independent basis for this Court's jurisdiction in its Complaint as to Morriale. Instead, Plaintiff only contends that she brought her claims against USPS and Morriale in the same forum because of New Jersey's Entire Controversy Doctrine. Plaintiff does not contend an independent basis to bring her claim against Morriale in this District but rather relies upon supplemental jurisdiction under Section 1367.

8

proceeding." *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir. 1995) (citing *United Mineworkers v. Gibbs*, 383 U.S. 715, 725 (1966)). However, as discussed above, Plaintiff's claims against Morriale and USPS are not connected nor derive from a common nucleus of operative facts. Indeed, the actions stemmed from independent accidents that have no legal or factual barring on one another and were clearly improperly joined into one action. Thus, the Undersigned ordered the matters be severed.

A severed action must have an independent jurisdictional basis. *Honeywell Int'l, Inc. v. Phillips Petrol. Co.*, 415 F.3d 429, 431-32 (5th Cir. 2005). As the Ninth Circuit explained when applying *Honeywell* to conclude that it lacked jurisdiction over a severed and transferred case, the severed action "can no longer rely on the supplemental jurisdiction afforded by 28 U.S.C. § 1367(a), for there is nothing left to supplement." *Herklotz v. Parkinson*, 848 F.3d 894, 898 (9th Cir. 2017). Diversity jurisdiction does not exist. According to the Complaint, Plaintiff is a New Jersey resident. Compl., D.E. 1, at 2. Further, according to the Complaint, Morriale is also a New Jersey resident. *Id.* Accepting the allegations in the Complaint as true, it is apparent that Plaintiff and Morriale are New Jersey residents. Thus, the Undersigned must conclude there is no independent basis for federal jurisdiction as to Plaintiff's claims against Morriale. *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 419.

The Undersigned concludes that the Complaint does not plead, nor has Plaintiff established, complete diversity of citizenship, and therefore will recommend that the District Court dismiss the Morriale Action pursuant to Rule 12(b)(1).

### IV. CONCLUSION

For the foregoing reasons, the Court will sever Plaintiff's claims against USPS and

Morriale, respectively. Plaintiff's claims against USPS will continue to proceed in this matter, and Plaintiff's claim against Morriale shall proceed in a separate action. An appropriate order severing Plaintiff's claims against Morriale and USPS will follow.

Moreover, because the case was improperly joined and the Morriale Action has no independent basis for federal jurisdiction, the Undersigned respectfully recommends that the Morriale Action be dismissed. The parties have fourteen days to file and serve objections to the Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).

*s/Michael A. Hammer*
**United States Magistrate Judge**
